UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| STAR CREATIONS, INC., | : | |
| | : | Civil Action No. 06-1343 (HAA) |
| Plaintiff, | : | |
| v. | : | |
| | : | **OPINION AND ORDER** |
| RAINBOW APPLIANCES COMPANY, LLC., et al., | : | |
| Defendants. | : | |

Pending before this Court is a Motion by Star Creations, Inc. ("Star" or "Plaintiff") to amend its complaint to add new Lanham Act and common law unfair competition claims. Having considered the parties' submissions, the Court **GRANTS** this motion.

I.  **Background**

In this trademark and copyright infringement action, Plaintiff alleges that its former employee, Defendant Eli Klein, used Plaintiff's confidential and proprietary information to launch his own infringing website. Plaintiff alleges, in a nutshell, that Defendants' website, www.rainbowappliance.com, uses the underlying code and copies the appearance and layout from Plaintiff's website (www.ajmadison.com). In this motion, Plaintiff seeks to add new claims of infringement based upon recently unearthed facts allegedly showing that Defendants have purchased keyword advertising consisting of the AJ MADISON trademark such that Plaintiff's customers are now directly diverted to Defendants' website.

The Court evaluates the instant motion to amend against the equitable and legal considerations underpinning Fed. R. Civ. P. 15(a).

**II.     Analysis**

Fed. R. Civ. P. 15(a) allows a party to amend its pleading "only by leave of court," but "leave shall be freely given when justice so requires." The decision to grant leave to amend rests within the discretion of the Court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Pursuant to *Foman*, leave to amend may be denied on the basis of: 1) undue delay; 2) bad faith or dilatory motive; 3) undue prejudice to the opposing party; and 4) futility of amendment. *Id.* "Only when these factors suggest that amendment would be 'unjust' should the court deny leave." *Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006) (internal citation omitted). Defendants offer a three-page letter brief in opposition to the present motion in which they appear to identify two grounds for objection – bad faith and futility.[1] The Court addresses each in turn.

First, Defendants object on the basis that the motion to amend is simply a bad-faith guise to avoid discovery obligations. Defendants claim that they have sought discovery on the issue of lost profits for many months and have received nothing in return. Lost profits, however, are no longer in this case. After the motion to amend was filed, the Court – in a separate scheduling order– allowed Plaintiff to withdraw its damages claim based upon lost profits. (Docket Entry # 40). Curiously, Defendants' opposition brief seems to ask that the Court force Plaintiff to keep its lost profits claim in the case. The fact is that Plaintiff chose to dismiss that portion of its damages claim and thus does not have to respond to discovery concerning that claim unless the discovery implicates another piece of the litigation. Thus, Defendants' objection on bad-faith grounds – related to its claim that Plaintiff has failed to turn over documents on lost profits – is

---

[1] In reality, Defendants do not cite to any case law and do not ground their objections in any of the *Foman* factors. However, the objections appear to fall within the scope of those based upon bad faith and futility.

simply inapplicable to the current motion and is rendered moot by the subsequent withdrawal of the claim for lost profits. The Court finds no bad faith in this sequence of events and does not see how it impacts at all the current motion.

Next, Defendants argue that the new claims have "absolutely no basis in fact." (Opp. Br. at 2). While factual issues are not generally addressed in motions to amend, this Court presumes that Defendants intended to argue that the amendments are futile. An amendment is considered futile if it advances a claim or defense that is legally insufficient on its face. "The trial court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983). Without more, however, this Court cannot find that the amendments as plead are futile. Defendants' conclusory statement that the amendments have no basis in fact is flatly contradicted by Plaintiff's pleading of specific facts to support its claim. At this stage, given FRCP 8(a)'s liberal pleading standard and given that Defendants do no more than assert, without support, the futility of the amendments, the objection is denied.

### III.    CONCLUSION

Plaintiff's motion to amend is **GRANTED.** Plaintiff shall serve a copy of the amended complaint upon all parties within 10 days of this order.

**SO ORDERED.**

/s/ Esther Salas
**Esther Salas**
**UNITED STATES MAGISTRATE JUDGE**